UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID J. FORJAN,

                        **Plaintiff,**

vs.                                                                       3:04-CV-00878

**LEPRINO FOODS COMPANY,**

                        **Defendant.**
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

**DECISION & ORDER**

**I. Introduction**

      Plaintiff, David J. Forjan, filed this suit against Defendant, Leprino Foods Company, alleging injuries as a result of exposure to a toxic gas while working at Defendant's facility in Waverly, New York. Plaintiff is a citizen of New York and Defendant is a corporation with its headquarters and principal place of business in Colorado. This Court has diversity jurisdiction because this civil action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332.

      Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. For the reasons stated below, the motion is granted and the Complaint is dismissed.

**II. Facts**

      Plaintiff alleges that he was injured on July 18, 2002 as a result of exposure to a toxic gas

1

while working at Defendant's cheese manufacturing plant in Waverly, New York. Plaintiff further alleges that Defendant intentionally ignored Plaintiff's expression of his injuries and symptoms thereby depriving him of the opportunity for immediate medical treatment that could have reduced the permanent injuries.

Plaintiff worked for Defendant from May 2002 to February 2003. Plaintiff was initially hired by Leprino when he walked through the front door and asked for work. He was hired on the spot and worked that very day. However, Plaintiff was told that he had to be formally hired by a staffing company, Adecco, because Leprino usually hires its temporary employees through a staffing agency. After an initial trial period, the temporary employees may become permanent Leprino employees. Even though Adecco paid Plaintiff his wages and provided workers' compensation insurance, Leprino had sole control over Plaintiff's employment activities. Adecco did not direct, supervise or control Plaintiff's work, nor did it have any other employees at the plant.

**III. Discussion**

The first issue presented to the Court is whether Plaintiff is a "special employee" of Leprino, in which case Leprino would have immunity from this suit under New York Workers' Compensation Law § 11. Even though this issue is usually a question of fact, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact." Thompson v. Grumman Aerospace Corp., 78 N.Y.2d 553, 557-558 (1991) (internal citation omitted). Factors to consider in determining whether an individual is a special employee include: "1) the right to and degree of control by the alleged employer over the manner, details, and ultimate result of the work of the special employee; 2) the method of payment; 3) the right to discharge; 4) the furnishing of

2

equipment; and 5) the nature and purpose of the work." Giordano v. Freeman Decorating Co., 2000 WL 323256 at 4 (S.D.N.Y. May 28, 2000).  A "significant and weighty" factor is who controls and directs the manner, details and ultimate result of the employee's work.  Thomson, 78 N.Y.2d at 558. In Thompson, the New York Court of Appeals found the plaintiff to be a special employee because, although his general employer was responsible for the paychecks and employee benefits, the special employer had comprehensive and exclusive daily control over and direction of the special employee's duties, and there was a complete absence of any supervision or control by the general employer.  Id. (citing Dashnau v. The Coulston Found., 1997 WL 305255 at 3 (S.D.N.Y. May 18, 1997).  It is not unusual for persons placed through a staffing agency to be considered special employees.  See Arteaga v. ISS Quality Serv., 789 N.Y.S.2d 748 (3d Dept. 2005); Majewicz v. Malecki, 780 N.Y.S.2d 455 (4th Dept. 2004); Williams v. General Elec. Co., 779 N.Y.S.2d 155 (3d Dept. 2004).

Here, it is undisputed that Adecco did not direct, control or supervise the manner, details and ultimate result of Plaintiff's work.  The only involvement Adecco had in Plaintiff's employment relationship with Leprino was paying the wages and providing workers' compensation insurance. More significantly, Plaintiff does not dispute that Leprino exercised sole control over Plaintiff's work.  In fact, it was through Leprino that Plaintiff was initially hired and started working at the facility even before being hired by Adecco.  Furthermore, Plaintiff does not contest Defendant's argument that Adecco did not have any right to direct, control or supervise Plaintiff's work.  As there is no dispute over these facts, the Court concludes that there is no genuine issue as to any material fact concerning Plaintiff's status as a special employee.

The second issue pertains to Plaintiff's argument that the exclusivity rule of New York

Workers' Compensation Law § 11 does not give Defendant immunity because Plaintiff's injury is the result of an intentional act by Defendant, or someone acting on its behalf.  See Orzechowski v. Warner-Lambert Co., 460 N.Y.S.2d 64, 66 (2d Dept. 1983) (internal citations omitted).  To invoke the "intentional injury" exception, the injury must be the product of "an intentional or deliberate act by the employer directed at causing harm to [a] particular employee" Id.  Courts have consistently held that the defendants' "intentionally ignoring" the hazards is not enough to bring the case within the "intentional injury" exception.  Id. (internal citations omitted).  Acts that may be tantamount to gross negligence or even reckless conduct "is not excepted from the 'exclusive remedy' provisions of the Workers' Compensation Law."  Id.; see also Blanchard v. Integrated Food Systems, 632 N.Y.S.2d 329, 330 (3d Dept. 1995)(upholding the Workers' Compensation Board's finding that the employer's act in requiring the minor claimant to work past lawful hours, during which she was killed in an armed robbery, was not sufficient to invoke the intentional injury exception.).  Courts in New York have stated that:

> In order to constitute an intentional tort the conduct must be engaged in with the desire to bring about the consequences of the act.  A mere knowledge and appreciation of a risk is not the same as the intent to cause injury . . . A result is intended if the act is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue.

Acevedo v. Consolidated Edison, 596 N.Y.S.2d 68, 71 (1st Dept. 1993) (quoting Finch v. Swingly, 348 N.Y.S.2d 266, 268 (4th Dept. 1973)).

In the instant case, Plaintiff alleges that Defendant's supervisors "intentionally ignored" Plaintiff's expression of injury and harm which prevented Plaintiff from seeking immediate medical treatment.  However, Defendant's ignoring Plaintiff's symptoms can be characterized at most as negligence or gross negligence, but not an intentional act.  Plaintiff does not allege any other

4

intentional or deliberate acts by Defendant. Accordingly, the intentional injury exception does not apply here.

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** and the Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

DATED:December 28,2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge